JUAN AVALO GARCÍA, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 627.  Argued December 10, 1928.—Decided July 9, 1929.

*Arturo Aponte* for the petitioner.  *F. González Fagundo & González Jr.* for the plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

In the Municipal Court of San Lorenzo Pedro Castro began an unlawful detainer suit against Juan Avalo García and the said court rendered judgment for the defendant and dismissed the complaint.  The plaintiff took steps looking to an appeal.  He gave a notice to the secretary and put a notice of the appeal in the hands of a process server who sought to serve it on the attorney for the defendant.  After the transcript reached the District Court of Humacao the defendant filed a motion to dismiss the appeal.  The District Court of Humacao overruled the motion.

The defendant, Juan Avalo García, presented a petition in certiorari to this court, alleging, among other things, that the District Court of Humacao lacked jurisdiction.  The whole matter depends upon the sufficiency of the alleged notice

to the attorney, Arturo Aponte, or whether the latter waived the alleged defects by certifying to a part of the transcript.

The record contains the affidavit of notice made by Enrique Sánchez Centeno. He swore that he had received the notification of the appeal on the 29th day of February, 1928, and at 9 o'clock in the morning went to the office of Attorney Arturo Aponte in Humacao and did not find him there, or anybody else in charge of the office; that he returned to the office at 11 o'clock of the same day and that the office continued to be closed. The affidavit then goes on to say that the affiant went to Humacao Playa and to the farm known as Rosalía where attorney Arturo Aponte has his residence, and not finding the latter in his said residence he, the affiant, left in said domicile and residence a faithful and exact copy of said notice of appeal, delivering said copy to doña Tomasa Jiménez with the request (*encargo*) that she deliver it to the said attorney Aponte as soon as he should return to his residence.

The affidavit was sworn to before Francisco González, Jr., who was one of the attorneys in the case. The affidavit is not attacked on this ground, but again, as several times before, we draw attention of counsel to the inadvisability of such an affidavit being made before one of the attorneys in the case. *People* v. *Collazo,* 33 P.R.R. 48, 52. The affidavit did not disclose who Tomasa Jiménez was.

After the case reached the District Court of Humacao Enrique Sánchez Centeno presented another affidavit purporting to cure the deficiency of the first affidavit. The affiant swore that Tomasa Jiménez was of age and a person of sound intelligence. Therefore, if a second affidavit was permissible the service on the attorney was made in accordance with section 320 of the Code of Civil Procedure.

There is no question that any court has a right to receive a supplementary affidavit tending to show that the said court has by the notice acquired jurisdiction on appeal.

The matter of waiver, therefore, lacks importance. In

*Manrique* v. *Ramírez,* 37 P.R.R. 235, we cited 2 Cal. Jur. 328, section 117, to the effect that a voluntary appearance might waive notice. The matter of time was not presented, and the second paragraph of the same citation tends to show that such a waiver to be effective must be made within the statutory time for appealing.

The petitioner alleged other matters of procedure to invoke the jurisdiction of this court in certiorari. As imperative in unlawful detainer cases, a first appearance for the formalization of the proof was set for the 31st of July, 1928. Neither of the parties appeared on that date and the hearing was suspended. On the 6th of August, 1928, the court, of its own motion, set the 21st of August, 1928, as the day for the first and second appearances. The defendant was never heard in advance of this setting for August 21, 1928, and he waived nothing. All that the court did in his favor was, after hearing the evidence of the plaintiff, to set another day for the presentation of the evidence of the defendant.

The petitioner is right in maintaining that the mandate of the statute should be followed. The court had no authority to combine the two appearances, save with the consent of or waiver by the defendant. It is evident that the defendant was forced to trial without knowing what was the proof of the plaintiff and hence the defendant had no opportunity to ponder over the written evidence and object to it, or with due preparation to cross-examine the witnesses of the plaintiff. None of these matters was cured by allowing the defendant to appear thereafter. All these possible privations are covered by the statement that the provisions for two appearances are mandatory.

The order of August 6, 1928, will be annulled and the case sent back to the District Court of Humacao to reset the first and second appearances.